UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 08-10337-RGS

UNITED STATES OF AMERICA

v.

GLADYS IHENACHO

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

April 13, 2012

STEARNS, D.J.

Defendant Gladys Ihenacho was charged in a thirty-two count Third Superseding Indictment with participating in two separate but related criminal conspiracies involving the illegal distribution of prescription medications from Meetinghouse Community Pharmacy (MCP) in Dorchester, Massachusetts. At the close of the government's case-in-chief, Ihenacho moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, claiming that the government had failed to produce evidence sufficient to warrant her conviction on any of the charged counts. This court granted Ihenacho's motion as to Count Nineteen (which charged Ihenacho with participating in a Continuing Criminal Enterprise), but denied Ihenacho's motion as to all remaining counts. Ihenacho was subsequently convicted of eight counts of

drug conspiracy, drug distribution, and money laundering related to the "Golden Island" online pharmacy network. Ihenacho was acquitted of similar charges related to a second "Global Access" online pharmacy operation, as well as several counts of money laundering related to the Golden Island conspiracy that had occurred prior to August of 2008. Ihenacho now renews her motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), and also moves, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33(a).

Ihenacho's argument for judgment of acquittal is based solely on the sufficiency of the government's evidence.

> In determining whether particular evidence is sufficient to ground a conviction, we take the facts and all reasonable inferences therefrom in the light most agreeable to the jury's verdict. If, on that view, the prosecution has adduced sufficient evidence of the essential elements of the crime such that a rational jury could find the defendant guilty beyond a reasonable doubt, the insufficiency challenge fails.

*United States v. Walker*, 665 F.3d 212, 224 (1st Cir. 2011) (citations omitted). *See also United States v. Perez-Melendez*, 599 F.3d 31, 40 (1st Cir. 2010) ("[D]efendants challenging convictions for insufficiency of evidence face an uphill battle on appeal.") (citation omitted). The jury's verdict must stand "unless the evidence, viewed in the light most hospitable to the government's theory of the case, could not have persuaded a rational trier of fact, beyond any reasonable doubt, of the defendant's guilt." *United*

*States v. Soler*, 275 F.3d 146, 150 (1st Cir. 2002), citing *United States v. Lara*, 181 F.3d 183, 200 (1st Cir. 1999).

In the indulgent light that review under Rule 29 requires, a rational jury could find that the government's evidence established that: (1) with respect to the Golden Island conspiracy, Schedule III and IV controlled substances were routinely dispensed by MCP in the absence of legitimate doctor-patient relationships; (2) that without such preexisting relationships, the "prescriptions" on which MCP purported to rely were invalid; (3) that Ihenacho was on notice of that fact, at least as of August of 2008; and (4) that she nonetheless continued to aid and abet MCP's illegal dispensing of controlled substances and the laundering of the proceeds. The government argues convincingly that the jurors evidently looked to Ihenacho's receipt of several cease and desist letters regarding the Golden Island "prescriptions" from various state Boards of Pharmacy in August of 2008 as demarcating the point at which they became convinced beyond a reasonable doubt of Ihenacho's knowledge and unlawful intent.[1] The court is unpersuaded by Ihenacho's attempt to impeach the jury's careful and discriminating verdict.

---

[1] The jury convicted Ihenacho "only of *all counts* which occurred" after August of 2008. Gov't Opp'n at 8. The government points in particular to the incriminating hand-written notes to "put away all the on line meds out of site [sic]," that Ihenacho made to herself after receiving the cease and desist letters. *Id*. at 10.

Alternatively, Ihenacho moves for a new trial. Rule 33(a) of the Federal Rules of Criminal Procedure authorizes a trial court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The court may consider both the weight of the evidence and the credibility of the witnesses in deciding a motion for a new trial. *United States v. Rothrock*, 806 F.2d 318, 321 (1st Cir. 1986). "The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996) (citation omitted).

Ihenacho argues that "a new trial is warranted in light of the prosecution's improper and burden-shifting closing argument to the jury in this case." Def.'s Mot. at 1. Specifically, Ihenacho contends that "government counsel invited the jury to infer the requisite criminal intent from *the absence of evidence* regarding Mrs. Ihenacho." Def.'s Mem. at 24. Significantly, the issue was not preserved by a contemporaneous objection. Where a defendant complains only after-the-fact of the prosecution's closing argument, the court will review the prosecutor's remarks for plain error, and will grant a new trial only if the remarks "'so poisoned the well that the trial's outcome was likely affected.'" *United States v. Valley*, 651 F.3d 159, 166 (1st Cir. 2011), quoting *United States v. Shoup*, 476 F.3d 38, 43 (1st Cir. 2007). *See also United States v. Ortiz*, 447 F.3d 28, 35-36 (1st Cir. 2006) (plain error review is generally confined to

4

"blockbuster[]" errors and does not consider "ordinary backfires") (citations omitted).

Ihenacho objects to the following statements by government counsel:

> There is no indication, and this is a huge void in this case with respect to the defendant's knowledge, in all of that e-mail that she shared with her husband . . . Baldwin Ihenacho is asking about doctors, what about the doctors? . . . But Gladys Ihenacho never asked that question, at least not in black and white.

Def.'s Mem at 24, quoting Trial Tr. (Day 11) at 45. Ihenacho also objects to the prosecutor's statements regarding the fact that when Ihenacho visited her husband at MCP, she had to "walk by the dispensing area" in order to go to her husband's office:

> She had to go by the packages. All she had to do was pick one up. All she had to do was look at the vial. But there's no evidence that she ever did that.

Def.'s Mem at 25, quoting Trial Tr. (Day 11) at 46. In context, it is clear that the prosecutor was arguing that in determining Ihenacho's knowledge and intent, the jurors should look to the circumstantial evidence (consistent with the court's instructions) and could consider whether Ihenacho willfully blinded herself to the illegality of her conduct.[2] No rational jury would have understood the prosecutor's comments as

---

[2] In this regard, the prosecutor was well within the bounds set by the court, which had agreed at the charging conference that willful blindness, as a substitute for actual knowledge, was in play and that the government would be permitted to make the argument in its closing. The court only declined to give an instruction on willful blindness because in its view the issue was so obvious, an instruction might be perceived as overkill.

5

suggesting that Ihenacho had an obligation to testify or to present an affirmative defense. There was no plain error; in fact, there was no error at all.[3]

ORDER

For the foregoing reasons, defendant's motion for judgment of acquittal or, in the alternative, for a new trial is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

---

[3] Moreover, the court gave a particularly strong instruction to the jury on the burden of proof.

> The first rule is that a defendant is presumed innocent unless and until proved guilty, and this presumption alone is sufficient to acquit her. The indictment brought by the United States against Mrs. Ihenacho is an accusation, and only that; it is not proof of anything at all. A defendant is innocent in the eyes of the law, unless and until you, as the jury, decide, unanimously that the government has proved her guilt beyond a reasonable doubt. That brings me to the second rule. In a criminal case, the burden of proving guilt is on the government. It carries that burden throughout the trial. A defendant, and I must stress this, never has the burden of proving her innocence. The right of a defendant to put the government to its proof is one of the most fundamental guarantees of our Constitution. This means that a defendant has no obligation to produce evidence, to call witnesses, nor can she ever be compelled to testify. Thus, you may not draw an inference of guilt from the fact that Mrs. Ihenacho did not testify, or even discuss that fact in your deliberations. Again, the burden rests on the government, and the government alone, to prove Mrs. Ihenacho's guilt beyond a reasonable doubt.

Trial Tr. (Day 11) at 89-90.

_____
UNITED STATES DISTRICT JUDGE